UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL S. EVERETT (#237136)        CIVIL ACTION

VERSUS

UNKNOWN ALLAN, ET AL.        NO. 21-00638-BAJ-SDJ

## RULING AND ORDER

On or around October 25, 2021, Plaintiff, a prisoner detained at the Elayn Hunt Correctional Center, submitted a *pro se* Complaint alleging deliberate indifference to his medical needs and various additional claims. (Doc. 1, *see also* Doc. 9). Plaintiff accompanied his Complaint with a Motion to Proceed *In Forma Pauperis*, (Doc. 2), which the Court granted on August 4, 2022. (Doc. 8).

On May 3, 2023, the Magistrate Judge issued a *sua sponte* **Report and Recommendation (Doc. 13, the "R&R"),** recommending that Plaintiff's federal claims be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and, further, that the Court decline to exercise supplemental jurisdiction over any potential state law claims. (Doc. 13). Plaintiff objects in part to the R&R. (Doc. 14). In his objection, Plaintiff clarifies that he seeks relief "against the defendants in their 'individual capacity' and only for damages," (*id.* at 2), and does not contest dismissal of his state law claims, but insists that his individual capacity federal claims must survive.

Upon de novo review, and having carefully considered Plaintiff's Complaint, Plaintiff's objection, and the related filings, the Court agrees that the pleadings, in

their current form, fail to state an actionable claim, even under the liberal standards afforded to *pro se* litigants. Indeed, Plaintiff's Complaint is the very definition of a "shotgun pleading," aimed at more than 20 Defendants with barely an attempt to explain what *any* Defendant did or did not do, and chock-full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See O'Neal v. Universal Prot. Serv., LLC*, No. CV 21-00737-BAJ-SDJ, 2022 WL 1631970, at *5 (M.D. La. May 23, 2022) (Jackson, J.). "Shotgun pleadings are pernicious because they unfairly burden defendants and courts by shifting onto them the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support. … The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id.* (quotation marks omitted).

Still, the Court finds that not *all* of Plaintiff's claims should be dismissed *with prejudice*. Stripped of superfluous detail, it appears that Plaintiff may yet state a plausible Eighth Amendment claim for deliberate indifference to his medical needs. Liberally construed, Plaintiff contends that in March and April 2021 he experienced severe hemorrhoids which he reported to named Defendants (1) "Col. Brown," (2) "MSgt. White," (3) "Sgt. J. Jones," (4) "EMT Gautreaux," and (5) "MSgt. Monyei," which ultimately resulted in "MSgt. Monyei," declaring a "medical emergency." (Doc. 1 at 6). Missing is any indication of what happened next. Was Plaintiff's "emergency" treated, or left un-addressed? If it was treated reasonably, Plaintiff's claim for deliberate indifference likely fails. *See Campbell v. Brown*, 756 F. App'x 386, 389 (5th

Cir. 2018) (affirming dismissal at summary judgment of plaintiff's claim of deliberate indifference to his hemorrhoids where prison officials treated plaintiff's condition but plaintiff disagreed with the method of treatment). If, on the other hand, Plaintiff's complaints were ignored, or treatment was withheld or refused, Plaintiff's deliberate indifference claim may yet succeed. *See Marlowe v. LeBlanc*, No. 18-cv-00063, 2023 WL 2957810, at *5 (M.D. La. Apr. 14, 2023) (Jackson, J.) ("Albeit a 'demanding standard,' deliberate indifference is satisfied upon a showing 'that officials acted with malicious intent—that is, with knowledge that they were withholding medically necessary care,' by, for example, refusing treatment or ignoring a prisoner's complaints." (quoting *Gibson v. Collier*, 920 F.3d 212, 219-20 (5th Cir. 2019)).

In light of these unanswered questions, and because Plaintiff may yet plead an actionable claim, the Court will not adopt that portion of the R&R that recommends dismissal *with prejudice* of Plaintiff's hemorrhoid-related deliberate indifference claim against Defendants (1) "Col. Brown," (2) "MSgt. White," (3) "Sgt. J. Jones," (4) "EMT Gautreaux," and (5) "MSgt. Monyei." In all other respects, the Court will adopt the R&R's reasoning and analysis.

Accordingly, consistent with the reasoning set forth herein,

**IT IS ORDERED** that Plaintiff's hemorrhoid-related individual capacity deliberate indifference claims against Defendants (1) "Col. Brown," (2) "MSgt. White," (3) "Sgt. J. Jones," (4) "EMT Gautreaux," and (5) "MSgt. Monyei," be and is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to submit an amended complaint within 30 days of the date of service of this Order. Plaintiff's amended

complaint, if any, shall be limited to Plaintiff's individual capacity deliberate indifference claims against Defendants (1) "Col. Brown," (2) "MSgt. White," (3) "Sgt. J. Jones," (4) "EMT Gautreaux," and (5) "MSgt. Monyei" only, and shall address the deficiencies set forth herein. **Absent a showing of good cause, Plaintiff's failure to timely submit an amended complaint will result in dismissal *with prejudice* of Plaintiff's individual-capacity deliberate indifference claims.**

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R&R, Plaintiff's remaining federal claims and all Plaintiff's official capacity claims be and are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R&R, the Court declines to exercise supplement jurisdiction over Plaintiff's over any potential state law claims, and that any such claims be and are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this action be and is hereby **REFERRED** back to the Magistrate Judge for further proceedings consistent with the relief set forth herein.

Baton Rouge, Louisiana, this 25th day of August, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA