# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL S. EVERETT (#237136)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-638-BAJ-SDJ** |
| **LT. ALLEN, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 1, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL S. EVERETT (#237136)**                               **CIVIL ACTION**

**VERSUS**                                                              **NO. 21-638-BAJ-SDJ**

**LT. ALLEN, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate formerly confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous Defendants, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs, harassment, retaliation, and his conditions of confinement. On August 25, 2023, Plaintiff's claims, with the exception of his hemorrhoid-related claims, were dismissed with prejudice. Plaintiff's hemorrhoid-related claims asserted against Defendants Col. Brown, Msgt. White, Sgt. J. Jones, EMT Gautreaux, and Msgt. Monyei were dismissed without prejudice, and Plaintiff was granted 30 days to submit an amended complaint with regards to these claims. The action was referred back to the Magistrate Judge for further proceedings. *See* R. Doc. 15. Plaintiff's Amended Complaint (R. Doc. 18) is now before the Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

## Plaintiff's Allegations

In his Amended Complaint, Plaintiff alleges the following: On March 1 and March 10 of 2021, Plaintiff submitted sick call requests asking to see his primary care provider in order to have his prescriptions for Fit Right wipes and hemorrhoid ointment renewed and to inquire about an MRI and bleeding. On March 23, 2021, Plaintiff filed a third sick call request regarding the same medical issues.

Due to the lack of Fit Right wipes, Plaintiff experienced bleeding from his anus. On March 29, 2021, he declared himself a medical emergency to defendant Officer Jones. After seeing blood mixed with feces, Officer Jones stated that she would call medical. Before Officer Jones could complete the call, shift change occurred, and Mst. Sgt. White took over. Defendant EMT Gautreaux told Mst. Sgt. White to inform Plaintiff that they were busy, to complete a sick call, and that he would then be seen by someone that night or the next morning. Plaintiff explained that he had already submitted several sick calls, and Mst. Sgt. White instructed Plaintiff to go to the captain's office and explain his situation.

On his way to the captain's office, Plaintiff saw Defendant Brown in the dining hall. Plaintiff produced the blood and feces and informed Defendant Brown that he suffered from hemorrhoids. Defendant Brown told him to "get out" and to go to the captain's office. When Plaintiff arrived at the office, he explained all of the foregoing to Captain Walker. The captain was flabbergasted and told Plaintiff, "Everett, go call your people." Plaintiff then contacted his family.

On Saturday April 3, 2021, Plaintiff again experienced bleeding and was declared an emergency by Msgt. Monyei. EMT Holt instructed Plaintiff to complete a sick call and informed Plaintiff that that his name would be put on the list to see the doctor. Plaintiff was not seen by medical until the following Monday.

Each defendant was aware of Plaintiff's medical condition. Even though they were able to aid him, each defendant showed a disregard and demonstrated deliberate indifference.

### *Deliberate Indifference*

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

Plaintiff has not alleged any action or inaction on the part of defendants Col. Brown, Msgt. White, Sgt. J. Jones, EMT Gautreaux, and Msgt. Monyei showing that any defendant denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. When Plaintiff declared himself a medical emergency on March 23, 2021, Defendant Jones planned to contact medical, but then shift change occurred before she could make the call. At this

point, Defendant White took over and contacted medical. Neither Defendant Jones nor White ignored Plaintiff's medical complaints.

At the time, Defendant EMT Gautreaux informed Defendant White that the medical department was currently too busy to complete a sick call for Plaintiff's hemorrhoids, and that Plaintiff would be seen that night or the next morning. Defendant White then instructed Plaintiff to go to the captain's office and explain his situation. As such, Defendant Gautreaux did not ignore Plaintiff's medical complaints or deny him treatment. Rather, Defendant Gautreaux informed Plaintiff that he would be seen that night or the next morning. Plaintiff does not allege to have suffered any substantial harm from this short delay.

On his way to the captain's office Plaintiff saw Defendant Brown in the dining hall. While in the dining hall, Plaintiff showed Defendant Brown his bloody feces, and Defendant Brown, understandably from a sanitation standpoint, told Plaintiff to get out of the dining hall and go to the captain's office. The captain told Plaintiff to call his family. As such, Defendant Brown did not ignore Plaintiff's medical complaints. Rather, he rightfully instructed Plaintiff to leave the dining hall with his bloody feces and go talk to the captain.

On Saturday April 3, 2021, Plaintiff again experienced bleeding and was declared an emergency by Defendant Monyei. EMT Holt instructed Plaintiff to complete a sick call form and informed Plaintiff that his name would be placed on the list to be seen by the doctor. Plaintiff was seen by medical on the following Monday. Defendant Monyei obviously did not ignore Plaintiff's medical complaints as Plaintiff was declared an emergency by Defendant Monyei who contacted medical. After medical was contacted, EMT Holt determined that Plaintiff could wait and be seen by the doctor at a later date, which occurred only two days later. Plaintiff does not allege to have suffered any substantial harm due to this short delay.

Rather, Plaintiff alleges that he is still suffering from hemorrhoid and other medical problems that have rendered him unable to control his bladder and bowel movements and have cause him to become impotent. However, Plaintiff does not allege that these complications occurred due to the aforementioned brief delays but rather due to his ongoing medical problems for which he does not allege that any of the remaining Defendants have been personally involved.

Plaintiff's Amended Complaint fails to state a constitutional violation on the part of any remaining Defendant. As such, the Complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that Plaintiff's claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on July 1, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."